## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARK ANDREW SCOTT, as Special Administrator of the Estate of MELISSA MARIE SCOTT, deceased, | ) ) ) ) | FILED APRIL 10, 2008    YM 08CV2058 |
| Plaintiffs, | ) | JUDGE GETTLEMAN MAGISTRATE JUDGE KEYS |
| v. | ) | Case No. _____ |
| | ) | |
| BAXTER INTERNATIONAL, INC., a corporation and BAXTER HEALTHCARE CORPORATION, a corporation, | ) ) ) ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Baxter Healthcare Corporation ("BHL") and Baxter International, Inc. ("BII") (collectively "Defendants"), file this Notice of Removal to remove this civil action from the Circuit Court of Cook County, State of Illinois, Law Division, where it was filed as Civil Action No. 08 L 3592, to the United States District Court for the Northern District of Illinois, and state as follows:

1.    BHL and BII are named Defendants in a civil action pending in the Circuit Court of Cook County, State of Illinois, Law Division, styled as *Mark Andrew Scott, as Special Administrator of the Estate of Melissa Marie Scott, deceased, Plaintiff v. Baxter International, Inc., a corporation, and Baxter Healthcare Corporation, a corporation, Defendant.*

2.    The action involves allegations related to the manufacture and supply of heparin. Specifically, plaintiff purports to assert claims for negligence predicated on allegations that BHC and BII, *inter alia*: (1) procured bio-medical products from suppliers in China that had not been properly inspected; (2) failed to inspect and test the heparin that it manufactured, distributed and/or sold; (3) failed to timely recall the heparin that it manufactured, distributed and/or sold;

(4) manufactured, sold and distributed heparin containing "impurities"; and (5) manufactured, sold, and distributed heparin without proper and adequate warnings and/or instructions.  (*See* Compl. at Count I, ¶ 5; Count II, ¶ 6)

3.    The allegations in the Complaint overlap with similar allegations made in at least a dozen other heparin-related lawsuits that have recently been filed throughout the United States. At least five of these other lawsuits are styled as class actions.  Plaintiffs' counsel in one purported class action, *D'Amico v. Baxter Healthcare Corp.*, No. 9:08-cv-80311-KAM (S.D. Fla.), has moved the Judicial Panel for Multidistrict Litigation to consolidate these cases into a Multidistrict Litigation (MDL).  *See* Motion of Plaintiff David D'Amico for Transfer of Actions to Southern District of Florida for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. Sec. 1407, *In re Heparin Prods. Liab. Litig.*, MDL No. 1953.  If this case is removed and an MDL is approved, Defendants will move to transfer this case to the MDL for consolidated proceedings.

4.    Copies of all process, pleadings and orders served on or by Defendants in this action are attached as Exhibit A.

### **FEDERAL QUESTION JURISDICTION**

5.    Plaintiff's Complaint is properly removable to federal court because Plaintiff's claims raise a substantial federal question and therefore provide original federal question jurisdiction over this action under 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1441(a); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363 (2005) (federal question jurisdiction proper where a state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities).

6.      Specifically, Plaintiff's complaint contains allegations that implicate federal statutes, laws and regulations, including  those pertaining to the "manufacture, production, distribution, storage, and sale of heparin.".  The Federal Food, Drug, and Cosmetics Act, 21 U.S.C. § 301 *et seq.* ("FDCA"), and its accompanying regulations set forth, in detail, the relevant criteria.  *See, e.g.,*  21 U.S.C. § 301 *et seq.*; *see also* 21 CFR 211 ("regulations in this part contain the minimum current good manufacturing practice for preparation of drug products for administration to humans or animals").  In contending that Defendants failed to meet these requirements, Plaintiff asks the court to assess whether Defendants complied with federal regulations and laws.  Such allegations are therefore federal in nature.

7.      Moreover, Plaintiff alleges that BHL and BII failed to exercise reasonable care in "[procuring] bio-medical products from suppliers in China for use in pharmaceutical drugs in the United States when the facilities and operations of those suppliers had never been inspected or approved by the United States Food and Drug Administration."   (Compl. Count II, ¶ 6(a)) Whether the producers and suppliers at issue were properly inspected by the FDA requires resolution of federal law.

8.      Federal laws and regulations are implicated by additional allegations raised by plaintiff's complaint, including negligent manufacture, distribution, and sale; failure to warn; and failure to properly and adequately test the heparin.  (*See* Compl. Count I, ¶ 5(a-c), Count II (c-h)).  The United States Food and Drug Administration ("FDA") is charged with the oversight of prescription drugs through the complex federal regulatory scheme set forth in the Federal Food, Drug, and Cosmetics Act, 1 U.S.C. § 321 et seq. ("FDCA") and its accompanying regulations. Plaintiff's claims for relief are inextricably intertwined with this comprehensive federal scheme governing prescription drugs. In contending that BHC and BII are liable in this case for heparin

administered to Plaintiff, Plaintiff is challenging the adequacy of FDA procedures with which Baxter complied.

9.      For all of these reasons, Plaintiff's well-pleaded complaint necessarily raises federal questions that are actually disputed and substantial. Thus, Plaintiff's complaint raises a substantial federal question.

10.     A federal forum may entertain this dispute without disturbing any congressionally approved balance of federal and state judicial responsibilities.  Indeed, the federal government heavily regulates the drug industry through the FDA and FDCA -- making this case particularly appropriate for federal court jurisdiction.

11.     Accordingly, removal is proper under federal law since this is a civil action brought in state court over which the federal court has original jurisdiction based on the existence of a substantial federal question.  *See* 28 U.S.C. § 1331; *see id.* § 1441.

12.     Under 28 U.S.C. § 1441, principles of pendant jurisdiction, and supplemental jurisdiction under 28 U.S.C. § 1367, where the Court has jurisdiction over any portion of the action, the entire action may be removed to this Court.

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

13.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days after the first receipt by Baxter through service of the Complaint.  BHC and BII were served with the Complaint on April 10, 2008.

15.     Pursuant to 28 U.S.C. §  1446(d), a copy of this notice is being served on all counsel of record and the clerk of the Circuit Court of Cook County, Law Division, State of Illinois.  (Exhibit B)

4

16.     Removal to the United States District Court for the Northern District of Illinois is appropriate because this action is being removed from the Circuit Court of Cook County, Law Division, State of Illinois, which is located within the Northern District of Illinois.

17.     By removing this action to this Court, Baxter does not waive any defense available to it.

18.     If any question arises as to the propriety of the removal of this action, Baxter requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Baxter Healthcare Corporation and Baxter International, Inc. respectfully requests that this Notice of Removal be filed; that this action in the Circuit Court of Cook County, Law Division, State of Illinois, be removed to this Court; and that no further proceedings be had in the case in the Circuit Court of Cook County, Law Division, State of Illinois.

Dated this 10th day of April, 2008.


Respectfully submitted,


_____/s/ Leslie M. Smith, P.C._____
Leslie M. Smith, P.C., Attorney No. 6196244
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
telephone:  (312)861-2000
facsimile:  (312)861-2200

**CERTIFICATE OF SERVICE**

I, Leslie M. Smith, P.C., certify that on April 10, 2008, I caused copies of Defendants Baxter Healthcare Corporation and Baxter International, Inc.'s NOTICE OF REMOVAL to be served on plaintiff's counsel, by hand delivery and U.S. Mail, postage prepaid:

Donald J. Nolan, Esq.
NOLAN LAW GROUP
20 North Clark Street, 30th Floor
Chicago, Illinois  60602
Tel: (312) 630-4000


_____/s/ Leslie M. Smith, P.C._____
Leslie M. Smith, P.C.

08CV2058
JUDGE GETTLEMAN   YM
MAGISTRATE JUDGE KEYS

# Exhibit A

(Atty. Code #36211)



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARK ANDREW SCOTT, as Special | ) | |
| Administrator of the Estate of | ) | |
| MELISSA MARIE SCOTT, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. |
| -vs- | ) | |
| | ) | |
| BAXTER INTERNATIONAL, INC., a corporation, | ) | |
| and BAXTER HEALTHCARE CORPORATION, | ) | **PLAINTIFF DEMANDS** |
| a corporation, | ) | **TRIAL BY JURY** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the plaintiff, MARK ANDREW SCOTT, as Special Administrator

of the Estate of MELISSA MARIE SCOTT, deceased, by and through his counsel,

NOLAN LAW GROUP, and complaining against the defendants, BAXTER

INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of

them, states as follows:

## COUNT I

1.      That for some time prior to November 30, 2007 and through and including

the present time, the Defendant, BAXTER INTERNATIONAL, INC., was and continues

to be a corporation organized and existing under the laws of the State of Delaware with

its principal place of business in the State of Illinois, who maintains a corporate

registered agent in Cook County, Illinois, and who did and does substantial business in

Cook County, Illinois.

2.     That for some time prior to November 30, 2007 and through and including the present time, the Defendant, BAXTER HEALTHCARE CORPORATION, was and continues to be a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois, who maintains a corporate registered agent in Cook County, Illinois, who did and does substantial business in Cook County, Illinois, and who is a wholly owned corporate subsidiary of the defendant, BAXTER INTERNATIONAL, INC.

3.     That prior to November 30, 2007, the defendant, BAXTER INTERNATIONAL, INC., and the defendant, BAXTER HEALTHCARE CORPORATION, and each of them, manufactured, distributed and/or sold a certain product known as "Heparin Sodium Injection 1000 units/mL" which it distributed and sold in multi-dose vials.

4.     That prior to November 30, 2007, and pursuant to prescription of a duly licensed medical doctor, the plaintiff's decedent, MELISSA MARIE SCOTT, consumed the aforesaid Heparin product.

5.     That at the time the aforesaid Heparin product left the control of the defendant, BAXTER INTERNATIONAL, INC., and the defendant, BAXTER HEALTHCARE CORPORATION, and each of them, it contained one or more conditions which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner, including but not limited to the following:

    (a)     said Heparin product was manufactured, distributed and sold when it contained animal cartilage and/or other impurities that were injurious to the human body;

    (b)     said Heparin product was manufactured, distributed and sold without proper and adequate warnings and/or

      instructions to assist consumers and health care providers in identifying adverse reactions arising from the condition of the product; and/or

(c)    said Heparin product was otherwise defective by way of its manufacture, distribution, sale, warnings and/or instructions in particulars to be determined through discovery in this action.

6.    That as a direct and proximate result of one or more of the foregoing unreasonably dangerous conditions of the said Heparin product, the plaintiff's decedent, MELISSA MARIE SCOTT, suffered fatal injuries on November 30, 2007.

7.    At the time of her death, the plaintiff's decedent, MELISSA MARIE SCOTT, left surviving a spouse and next of kin whose benefit this action is brought.

8.    By reason of the premises, said spouse and next of kin and each of them, have sustained substantial personal and pecuniary damages, including but not limited to, loss of society and companionship, loss of goods and services, and loss of support.

9.    The plaintiff, MARK ANDREW SCOTT, is the duly appointed Special Administrator of the estate of MELISSA MARIE SCOTT, deceased pursuant to order of the Circuit Court of Cook County, Illinois.

10.    This action is being brought pursuant to 740 ILCS 180/1 *et seq.*, commonly known as the *Illinois Wrongful Death Act* and/or other applicable laws.

WHEREFORE the plaintiff, MARK ANDREW SCOTT, as Special Administrator of the estate of MELISSA MARIE SCOTT, deceased, prays for judgment in his favor and against the defendants, BAXTER INTERNATIONAL, INC., a corporation, and BAXTER HEALTHCARE CORPORATION, a corporation, and each of them, in a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, State of Illinois, together with the costs of this action.

## COUNT II

1-4.    Plaintiff hereby adopts and alleges paragraphs 1 though 4, inclusive, of Count I as and for paragraphs 1 through 4, inclusive, of Count II as though fully set forth herein, and further states as follows:

5.    That it then and there became and was the duty of the defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them, to exercise ordinary care in their conduct so as not to cause injury to the person of the plaintiff's decedent, and others.

6.    That notwithstanding the aforesaid duty, the defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them, committed one or more of the following acts or omissions:

(a)    negligently and carelessly procured bio-medical products from suppliers in China for use in pharmaceutical drugs in the United States, when the facilities and operations of those suppliers had never been inspected or approved by the United States Food and Drug Administration;

(b)    negligently and carelessly procured bio-medical products from suppliers in China for use in pharmaceutical drugs in the United States, when the facilities and operations of those suppliers had never been properly or adequately inspected by the defendants, or any of them;

(c)    negligently and carelessly failed to properly and adequately inspect and test the said Heparin product for unsafe and dangerous impurities contained therein;

(d)    negligently and carelessly failed to employ proper and adequate quality control procedures to ensure that its Heparin product was safe and free from dangerous impurities;

(e)    negligently and carelessly failed to timely recall the said Heparin product or otherwise remedy the danger the product posed to consumers once the defendants, and each

of them, became aware that a potential danger to consumers existed;

(f)  negligently and carelessly manufactured, sold and distributed said Heparin product containing animal cartilage and/or other impurities that were injurious to the human body;

(g)  negligently and carelessly manufactured, sold and distributed said product without proper and adequate warnings and/or instructions to assist consumers and health care providers in identifying adverse reactions arising from the condition of the product; and/or

(h)  otherwise negligently and carelessly manufactured, sold and distributed said product when it was in an unsafe and dangerous condition by way of its manufacture, distribution, sale, warnings and/or instructions in particulars to be determined through discovery in this action.

7.  That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them, the plaintiff's decedent, MELISSA MARIE SCOTT, suffered fatal injuries on November 30, 2007.

8.  At the time of her death, the plaintiff's decedent, MELISSA MARIE SCOTT, left surviving a spouse and next of kin for whose benefit this action is brought.

9.  By reason of the premises, said spouse and next of kin, and each of them, have sustained substantial personal and pecuniary damages, including but not limited to, loss of society and companionship, loss of goods and services, and loss of support.

10.  The plaintiff, MARK ANDREW SCOTT, is the duly appointed Special Administrator of the estate of MELISSA MARIE SCOTT, deceased pursuant to order of the Circuit Court of Cook County, Illinois.

11.     This action is being brought pursuant to 740 ILCS 180/1 *et seq.*, commonly known as the *Illinois Wrongful Death Act* and/or other applicable laws.

WHEREFORE the plaintiff, MARK ANDREW SCOTT, as Special Administrator of the estate of MELISSA MARIE SCOTT, deceased, prays for judgment in his favor and against the defendants, BAXTER INTERNATIONAL, INC. a corporation, and BAXTER HEALTHCARE CORPORATION, a corporation, and each of them, in a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County, State of Illinois, together with the costs of this action.

Attorney for Plaintiff

Donald J. Nolan, Esq.
NOLAN LAW GROUP
20 North Clark Street, 30th Floor
Chicago, Illinois 60602
Tel: (312) 630-4000

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |
| | (2-81) CCG-1 |

(#36211) DJN/lam

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARK ANDREW SCOTT, as Special )
Administrator of the Estate of )
MELISSA MARIE SCOTT, deceased )
)                2008L003592
               Plaintiffs, )                CALENDAR/ROOM E
)                TIME 00:00
)                Product Liability
V. )
)                No.:
BAXTER INTERNATIONAL, INC., )
a corporation, BAXTER HEALTHCARE )                Sheriff, Please serve the
CORPORATION, a corporation, )                following Defendant:
)                Baxter International, Inc.
              Defendant. )                c/o Registered Agent, CT Corp System
)                208 S. LaSalle St., Suite 814
)                Chicago, Illinois 60604

### SUMMONS

**YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

WITNESS.................................................................................................., 20...........

.......................................................................
Clerk of Court

Atty No. 36211
Name Nolan Law Group
**Attorney for Plaintiff**
**Address** 20 North Clark Street, Suite 1400
City Chicago, Illinois 60602
**Telephone** (312) 372-5400

Date of service................., 20.....
(to be inserted by officer on copy left with defendant or other person)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

| | | |
|---|---|---|
| 2120 – Served | 2121 – Served | |
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2-81) CCG-1 |

11:44 am

(#36211) DJN/lam

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARK ANDREW SCOTT, as Special )
Administrator of the Estate of )
MELISSA MARIE SCOTT, deceased )
                   )
            Plaintiffs, )
                   )
V. )
                   )
BAXTER INTERNATIONAL, INC., )
a corporation, BAXTER HEALTHCARE )
CORPORATION, a corporation, )
                   )
           Defendant. )
                   )

2008L003592
CALENDAR/ROOM E
TIME 00:00
Product Liability

No.:

Sheriff, Please serve the
following Defendant:
Baxter Healthcare Corporation.
c/o Registered Agent, CT Corp System
208 S. LaSalle St., Suite 814
Chicago, Illinois 60604

### SUMMONS

**YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the officer:
    This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

WITNESS.................................................., 20...........

APR 2 2008

.................................................
                        Clerk of Court

Atty No. 36211
Name Nolan Law Group
Attorney for Plaintiff
Address 20 North Clark Street, Suite 1400
City Chicago, Illinois 60602
Telephone (312) 372-5400

Date of service April 10......., 20 08....
(to be inserted by officer on copy left with
defendant or other person)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

(Atty. Code #36211)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARK ANDREW SCOTT, as Special )
Administrator of the Estate of )
MELISSA MARIE SCOTT, deceased, )
                             )
                     Plaintiff, )
                             )      Case No. 08 L 3592
        -vs-               )
                             )      CALENDAR E
BAXTER INTERNATIONAL, INC., a corporation, )
and BAXTER HEALTHCARE CORPORATION, )
a corporation, )
                             )
               Defendants. )

## PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER

      NOW COMES plaintiff, MARK ANDREW SCOTT, as Special Administrator of

the Estate of MELISSA MARIE SCOTT, and pursuant to Supreme Court Rule 210(c)(1)

moves this Honorable Court on an emergency basis to enter a protective order compelling

the defendants to preserve certain evidence pertinent to this action, and in support thereof

states:

### DEFINITIONS:

Documents:    The word "Documents" used in this motion, includes but is not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, communications and all retrievable information in computer storage.

Baxter:          The word "Baxter" as used in this motion, includes but is not limited to, Baxter Healthcare Corporation, Baxter International Incorporation and it's subsidiaries.

Heparin:         The word "Heparin" as used in this motion, includes but is not limited to, all lots of the prescription injectable blood anticoagulant (blood thinner) manufactured, designed, sold by Baxter: HEP-LOCK (Heparin Lock Flush Solution USP), and HEP-LOCK U/P (Preservative-Free Heparin

Lock Flush Solution, USP) including but not limited to: Hep-Lock 100 u/mL – 2mL Vial; Hep-Lock 100 u/mL – 1mL Vial; Hep-Lock 10 u/mL – 2mL Vial; Hep-Lock 10 u/mL – 1mL Vial; Hep-Lock 100 u/mL – 10mL Vial; Hep-Lock 10 u/mL – 10mL Vial; Hep-Lock 10 u/mL – 30mL Vial; Hep-Lock 100 u/mL – 30mL Vial; Hep-Lock U/P 10 u/mL – 1mL Vial; Hep-Lock U/P100 u/mL – 1mL Vial; Hep-Lock U/P 10 USP u/mL Vial, both preserved and preservative free Hep-Lock U/P 100 USP u/mL Vial, all lots of Heparin Sodium Injection Multi-dose, Heparin Sodium Injection single-dose including but not limited to: Heparin Sodium Injection 1000 units/mL – 1mL Vials; Heparin Sodium Injection 1000 units/mL – 10mL Vials; Heparin Sodium Injection 1000 units/mL – 30mL Vials; Heparin Sodium Injection 5000 units/mL – 1mL Vials; Heparin Sodium Injection 5000 units/mL – 10mL Vials; Heparin Sodium Injection 10,000 units/mL – 1mL Vials; Heparin Sodium Injection 10,000 units/mL – 4mL Vials; Heparin Sodium Injection 10,000 units/mL – 5mL Vials, Heparin Sodium Injection 1000 USP units/mL, Heparin Sodium Injection 5000 USP units/mL and Heparin Sodium Injection 10,000 USP units/mL.

1.    This case arises out of the death of Melissa Marie Scott which occurred on November 30, 2007 as a result of ingesting contaminated Heparin manufactured, distributed and sold by the defendants.

2.    That plaintiff filed this action on April 2, 2008.

3.    On April 10, 2008, the complaint and copy of this motion was served upon Baxter International, Inc. c/o Registered Agent, CT Corp System and Baxter Healthcare Corporation c/o Registered Agent, CT Corp System by special process server. (See attached proof of service)

4.    That defendants are manufactures/ distributors of the Heparin products alleged to have been a proximate cause of the plaintiff's decedent's death.

5.    That based upon information and belief the defendants are in possession of the contaminated Heparin and certain material documents, records and information.

6.    That the plaintiff's allegations include that 1) these defendants failed to warn the plaintiff's decedent and others of the dangerous conditions then and there

existing in the contaminated Heparin, 2) procured bio-medical products from suppliers in China without FDA approval or inspection of the suppliers facilities, and 3) failed to properly and adequately inspect and test the contaminated Heparin for unsafe and dangerous impurities.

7.    That based upon information and belief the defendants Heparin has been contaminated since September 2007 and on January 17, 2008, the defendants voluntarily recalled nine lots of Heparin.

8.    That in order to perform substantial justice to the plaintiff, it is imperative that any such contaminated Heparin, material documents, records and information in possession of the defendants be preserved in an unaltered condition to allow for discovery and until such time as representatives on behalf of the plaintiff be allowed an opportunity to inspect and, if appropriate, test such items.

9.    That each defendant is or may come into possession of certain documents records and evidence pertinent to this litigation which the defendants may not otherwise be required to keep or maintain beyond a certain reasonable timeframe.  Wherefore plaintiff requests this Court to enter a protective order directing defendants to preserved all of the following evidence:

    a.  A sample of the allegedly contaminated Heparin;

    b.  All purchase records, orders, receipts and other records pertaining to the chain of custody of the subject Heparin;

    c.  All correspondence to and from all manufacturing facilities, distribution centers, Scientific Protein Laboratories, Baxter and its subsidiaries pertaining the subject Heparin;

    d.  All design, manufacture, and sale records of the subject allegedly contaminated Heparin;

e.  All testing records, reports, and protocols respecting the subject allegedly contaminated Heparin;

f.  All correspondence to and from independent laboratories respecting the subject allegedly contaminated Heparin;

g.  All incident reports, investigation reports, documents or files pertaining to the subject respecting the subject allegedly contaminated Heparin;

h.  All travel records pertaining to the defendant's employees, defendant's subsidiaries' employees, or Scientific Protein Laboratories' employees travel to and from the Chinese supplier of the subject Heparin, Changzhou SPL Company, Ltd (SPL-CZ), including but not limited to expense reports, credit card receipts, expense vouchers, travel arrangements, travel vouchers, accommodations and visa documentation from 2002 until present;

i.  All documents submitted to or received from Scientific Protein Laboratories or the Chinese supplier of the subject Heparin, Changzhous SPL Company, Ltd, (SPL-CZ), pertaining to research, testing, reports and data including, but not limited to research, processing steps, process validation reports, removal of impurities, impurity profiles, evaluation for degradants during stability program testing, annual reports, manufacturing instructions, test method verifications reports, investigations into failed lots, raw material inventory records, and procedures;

j.  All statements, notes and documents respecting the investigation(s) undertaken by the defendants and/or their agents into the allegedly contaminated Heparin;

k.  All contracts and agreements by and between the defendants and the entities who supplied the defendants with raw Heparin product, components, finished Heparin products, packaging for Heparin products from January 2002 to the present;

l.  All contracts and agreements by and between the defendants and their distributors of Heparin product from January 2002 to the present;

m.  All contracts and agreements by and between the defendants and Scientific Protein Laboratories (SPL) and Changzhous SPL Company Ltd (SPL-CZ),;

n.  All manufacturing, mixing and chemical analysis documents related to the manufacturing and sale of Heparin by the defendants from January 2002 to present;

o.  All internal memoranda, notes, plans, designs, manufacturing protocols, quality control documentation, packaging instructions related to the defendants' Heparin product from January 2002 to the present;

p.  All defendant documents that reference or refer to the defendants' decision to utilize any entities for the design, manufacture, packaging and distribution of Heparin Products from January 2002 to the present;

q.  All documents submitted to the defendants, their agents and attorneys by other plaintiffs and/or individuals and/or claimants who allege an injury related to the use of the defendants' Heparin products;

r.  All reports or experts and independent testing facilities related to the testing and/or analysis of the defendants' Heparin products from January 2002 to the present;

s.  All internal documents that relate to or reference FDA approval of the defendants' Heparin product from January 2002 to present;

t.  All written supply agreements between the defendants and SPL and SPL-CZ;

u.  All audits and inspections records of the SPL-CZ facility performed by the defendants and/or Wyeth Global Compliance from January 2002 to the present;

v.  All qualification audit responses submitted by SPL-CZ to the defendants from January 2002 to the present; and

w.  All quality records analyzing the manufacturing and quality control records for the defendants' allegedly contaminated Heparin from 2002 to the present.

10.  That plaintiff would be prejudiced if any evidence associated with the subject product were destroyed or altered prior to allowing plaintiff discovery.

11.  That no prejudice will come to defendants if a proactive order is granted.

WHEREFORE plaintiff prays that this Court enter a protective order along with any such other and further relief as the court deems appropriate and just under the circumstances.

Respectfully submitted,

One of Plaintiff's Attorneys

Nolan Law Group
20 North Clark, 30th Floor
Chicago, IL 60602
312/630-4000
Atty No. 36211

(Atty. Code #36211)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARK ANDREW SCOTT, as Special     )
Administrator of the Estate of        )
MELISSA MARIE SCOTT, deceased,    )
                                   )
                   Plaintiff,     )
                                   )     Case No. 08 L 3592
        -vs-                  )
                                   )     CALENDAR E
BAXTER INTERNATIONAL, INC., a corporation,)
and BAXTER HEALTHCARE CORPORATION,  )
a corporation,                     )
                                 )
                  Defendants.  )

### NOTICE OF EMERGENCY MOTION

TO:    Baxter Healthcare Corporation
        Baxter International, Inc
        c/o Registered Agent, CT Corp System
        208 S. LaSalle St., Suite 814
        Chicago, IL 60604

      On April 11, 2008, at 9 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Presiding Judge in Room 2210 at the Richard J. Daley Center, Chicago, Illinois and will present, **Plaintiff's Emergency Motion for Protective Order,** a copy of which is served upon you.

NOLAN LAW GROUP
20 North Clark Street
Suite 3000
Chicago, Illinois 60602
Tel: (312) 630-4000
Fax: (312) 630-4011

### CERTIFICATE OF SERVICE

    The undersigned, certifies that he/she served a true and correct copy of the above and foregoing Motion to the attorneys of record by personal service on April 10, 2008.

Under the penalties provided by law, I certify that the statements set forth herein are true and correct.

08CV2058
JUDGE GETTLEMAN   YM
MAGISTRATE JUDGE KEYS

# Exhibit B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| MARK ANDREW SCOTT, as Special | ) | |
| Administrator of the Estate of | ) | |
| MELISSA MARIE SCOTT, deceased, | ) | |
| | ) | |
| Plaintiffs, | | |
| v. | ) | Case No. 08 L 3592 |
| | ) | |
| BAXTER INTERNATIONAL, INC., a | ) | |
| corporation and BAXTER HEALTHCARE | ) | |
| CORPORATION, a corporation, | ) | |
| | ) | |
| Defendant. | | |

**<u>NOTICE OF REMOVAL TO DISTRICT COURT</u>**

Defendants Baxter Healthcare Corporation ("BHC") and Baxter International, Inc. ("BII") hereby give notice to the Circuit Court of Cook County, Illinois, and to Donald J. Nolan, as attorney for plaintiff, that the defendants filed a Notice of Removal with the United States District Court for the Northern District of Illinois, and that this case has been removed to that court. A true and correct copy of the Notice of Removal is attached as Exhibit A.

Dated this 10th day of April, 2008

Respectfully submitted,


___/s/ Leslie M. Smith, P.C._____
Leslie M. Smith, P.C.
Renee D. Smith
Andrew P. Bautista
Kirkland & Ellis LLP  (No. 90443)
200 East Randolph Drive
Chicago, IL 60601
telephone:  (312)861-2000
facsimile:  (312)861-2200

1

**CERTIFICATE OF SERVICE**

I, Leslie M. Smith, P.C., certify that on April 11, 2008, I caused copies of the above titled document to be served on plaintiff's counsel, by hand delivery and U.S. Mail, postage prepaid:

Donald J. Nolan, Esq.
NOLAN LAW GROUP
20 North Clark Street, 30th Floor
Chicago, Illinois  60602
Tel: (312) 630-4000


.     /s/ Leslie M. Smith, P.C.                    .
Leslie M. Smith, P.C.