U.S. DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS

MARK ANDREW SCOTT, as Special )
Administrator of the Estate of )
MELISSA MARIE SCOTT, deceased, )
                                    Plaintiff,  )
                                              )  Case No. 08-CV-2058
        -vs-                   )
                                              )
BAXTER INTERNATIONAL, INC., a corporation, )  Judge Gettleman
and BAXTER HEALTHCARE CORPORATION, )
a corporation,  )  Magistrate Judge Keys
                                              )
                                Defendants.  )

**Plaintiff's Motion to Remand**

Plaintiff, Mark Andrew Scott, as Special Administrator of the Estate of Melissa Marie Scott, deceased, through his attorneys, Nolan Law Group, moves the Court for an order pursuant to 28 U.S.C. §1447(c) remanding this case to the Circuit Court of Cook County, Illinois, from whence it came because defendants Baxter Healthcare Corporation and Baxter International, Inc., have failed to meet their burden of establishing federal subject matter jurisdiction pursuant to 28 U.S.C. §1331. In support hereof plaintiff states:

1.    The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint, Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Plaintiff's complaint filed in the Circuit Court of Cook County is a garden variety wrongful death action brought pursuant to the Illinois Wrongful Death Act, 74 ILCS 180/1. (Exhibit A to defendants' Notice of Removal) Count I pleads a strict liability in tort action pursuant to Illinois law charging that defendants manufactured, distributed and/or sold a product

known as Heparin which was prescribed to plaintiff's decedent; that when the Heparin product left the control of defendants it was defective and not reasonably safe as it contained animal cartilage and other impurities injurious to the human body, lacked proper and adequate warnings or instructions to assist consumers and health care providers to identify adverse reactions resulting from use of the product and was otherwise defective as to be determined by discovery in this action and that as a proximate result of the ingestion of said product by plaintiff's decedent she died.

Count II stated an ordinary state law negligence claim charging defendants with their negligent procurement of the product from Chinese suppliers, failing to inspect the facilities and operations of the suppliers, failing to test the Chinese Heparin product for unsafe and dangerous impurities contained therein, failing to employ adequate quality control procedures, failing to timely recall the product which contained impurities that were injurious to the human body and sold and distributed the product without proper adequate warnings or instructions to assist consumers and health care providers in identifying adverse reactions. (Id.)

The complaint does not plead any cause of action established by federal law and makes only a singular, fleeting reference to United States Food and Drug Administration concerning the failure of the Chinese manufacturer to be inspected or approved. (Id.)

2.  Consideration of the adequacy of removal petitions is governed by well established standards. A defendant seeking removal bears the burden of establishing federal subject matter jurisdiction. See Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540 (7th Cir.2006); Lyerla v. Amco Ins. Co., 461 F.Supp.2d 834, 835 (S.D.Ill.2006), Federal removal jurisdiction is statutory in nature and is to be strictly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th

Cir.1993); Fuller v. BNSF Ry. Co., 472 F.Supp.2d 1088, 1091 (S.D.Ill.2007). Doubts concerning removal must be resolved in favor of remand to the state court. See Clevenger v. Eastman Chem. Co., 2007 WL 2458474, at *1(S.D.Ill.); Littleton v. Shelter Ins. Co., 2000 WL 356408, at *1(S.D.Ill.). Finally, a defense that raises a federal question is inadequate to confer federal jurisdiction. Louisville & Nashville R.Co. v. Mottley, 211 U.S. 149 (1908).

3. A district court's determination of whether or not removal pursuant to 28 U.S.C. §1331 on the basis of a federal question centers around the U.S. Supreme Court's recent decisions in Grable & Sons Metal Products, Inc. v. Darue Engineering and Manufacturing, 545 U.S. 308 (2005), Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677 (2006), and their reiteration of the vitality of the principles set forth in Merrill Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986). The straight-forward message of Grable and Empire Healthchoice is that "it takes more than a federal element 'to open the "arising under" the door.' 545 U.S. at 313. This case cannot be squeezed the slim category Grable exemplifies." Empire Healthchoice 547 U.S. at 701.

Recently, in Bennett v. Southwest Airlines Co., 484 F.3d 907 (7th Cir. 2007), the Seventh Circuit employed the guidelines from the foregoing three Supreme Court cases and reversed this Court's refusal to remand actions by aircraft passengers and bystanders against the airline company and aircraft manufacturer which alleged causes of action for strict product liability and negligence. The Seventh Circuit rejected the defendants' claims that section 1331 federal question jurisdiction was established by reason of the extensive role that federal aviation standards play in any claim against an airline operator, aircraft manufacturer or airport operator. It rejected the district court's holding that all suits concerning commercial air travel belong in federal court because the national government is the principal source of rules about safe air

3

transportation, the appeals court holding that such an argument "would extend <u>Grable</u> and the arising-under jurisdiction well beyond the scope the Justices are willing to tolerate." 484 F.3d at 909. It concluded:

> What the Court said about <u>Grable</u> in <u>Empire Healthchoice</u> can be said here too. We have a fact specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law. State issues, such as the amount of damages, may well predominate. Plaintiffs do not challenge the validity of any federal agency's or employee's action. If they did-for example by suing the United States under the Federal Tort Claims Act on a theory that the air traffic controllers were negligent-then the supplemental jurisdiction would support resolution in federal court of the claims against Southwest Airlines, Boeing and Chicago.

484 F.3d at 910-911. The Seventh Circuit also drew heavily from the Supreme Court's <u>Merrell Dow Pharmaceuticals</u> case where the injured plaintiff alleged that a drug approved for sale by the Food and Drug Administration was inadequately labeled as a matter of federal law. The Court noted the Supreme Court's holding that even though a court will be required to apply federal law to determine whether the drug had been labeled properly, plaintiff's claim did not "arise under" federal law, stating: "Whether poor labeling supports recovery, and if so, what damages are appropriate, are matters of state law that belong in state court, the Justices concluded." 484 F.3d at 909.

As stated, in <u>Grable</u>, the Supreme Court noted the continued validity and vitality of <u>Merrell Dow</u> implicating provisions of the Federal Food, Drug and Cosmetic Act which highlighted the absence of any federal law creating a cause of action for misbranding, thusly:

> "The Court saw the missing cause of action not as a missing federal door key, always required, but as a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims which

4

> embedded federal issues. For if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases."

Grable, 545 U.S. at 318.

4. In the case at bar, it is undisputed that neither the Federal Food, Drug and Cosmetic Act nor any regulations promulgated thereunder provide for a federal private right of action. So too, at bar, plaintiff's complaint makes only a singular passing reference to a federal regulation. It clearly invokes state court claims and when it is considered that neither the Federal Food, Drug and Cosmetic Act nor any regulations thereunder provide for preemption of state remedies, the inescapable conclusion is reached that the claim at bar does not "arise under" federal law sufficient to have permitted removal jurisdiction.

5. Since Grable and Empire Healthchoice reasserted the Merrell Dow principles on federal jurisdiction, cases implicating the Food, Drug and Cosmetic Act and its implementing regulations have determined removal from state court was erroneous. See Pennsylvania v. Eli Lilly and Co., Inc., 511 F.Supp.2d 576 (E.D.Pa.2007), holding that marketing of prescription drugs regulated extensively by the Food and Drug Administration and the involvement of the Food, Drug and Cosmetic Act and regulations thereunder did not justify removal of what were essentially state law causes of action, concluding: "No court has held that under the federal Medicaid Act or the FDCA completely preempts a state's Medicaid recovery action for purposes of removal jurisdiction. Indeed, courts in this district have found that removal based on complete preemption by the FDCA is improper because the FDCA does not provide for civil

enforcement remedies." 511 F.Supp.2d at 583[1]; Hawaii v. Abbott Laboratories, Inc., 469 F.Supp.2d 842 (D.Hawaii 2006), rejecting removal jurisdiction because plaintiff's complaint primarily rested on tort claims under state law; Utah v. Eli Lilly and Co., 509 F.Supp.2d 1016 (D.Utah 2007), rejecting removal jurisdiction of claim that violation of the Food, Drug and Cosmetic Act and FDA regulations were critical elements of plaintiff's claims finding plaintiff's claims were grounded not under federal law but state law, that mere presence of federal standards embedded in a state law cause of action is not sufficient to warrant federal subject matter jurisdiction where there is not a federal remedy for violation of the federal statute and Congress has provided no federal cause of action on the subject matter of the complaint.[2]

---

[1] The court also rejected the defendant's claim that all proceedings should have been stayed pending transfer under consideration by the Judicial Panel on Multidistrict Litigation stating that as the court may lack subject matter jurisdiction over the entire case, the motion to remand must first be considered by it alone. 511 F.Supp.2d at 578. Thus, while defendants at bar notified this Court of a request in Florida to create a multidistrict litigation proceeding (defendants' Notice of Removal, p.2, Docket No. 1), it does not affect this Court's consideration of plaintiff's instant motion to remand. The next two cited cases also reached the same conclusion.

[2] In addition to drug cases, a host of federal courts have engaged in the "Grable/Empire Healthchoice/Merrell Dow" analysis to find the absence of a federal question warranting remand to state court. See Eastman v. Marine Mechanical Corp., 438 F.3d 544 (6th Cir. 2006), vacating summary judgment ultimately entered for removing party on basis that remand motion should have been granted even though complaint alleged federal statute violations. Evans v. Courtesy Chevrolet, 2006 WL 850859 (S.D.Tex.2006), finding car buyer's action for fraud and misrepresentation should be remanded even though case involved disputes as to the Truth in Lending Act (15 U.S.C. §1610). McCormick v. Excel Corp., 413 F.Supp.2d 967 (E.D.Wis.2006), granting remand in contaminated meat case notwithstanding complaint allegations of violations of Federal Meat Inspection Act. Samuel Trading, LLC v. The Diversified Group, Inc., 2006 WL 560311 (N.D.Ill.2006), action against tax advisors for breach of contract and fiduciary duties for incorrect interpretation of federal tax law did not warrant federal question jurisdiction. City of Beatrice v. Aquila, 2006 WL 208831 (D.Neb.2006), remanding state law claims even though federal regulatory law would affect the remedy available. Acker v. AIG International, Inc., 398 F.Supp.2d 1239 (S.D.Fla. 2005), remanding investor's state court action where investment advisors engaged in improper strategy even though there were "plethora of references to the IRS and the tax code." Central National Bank of West Virginia v. Mountaineer Capital, LP, 2005 WL 3098923 (S.D.W.Va.2005), remanding breach of fiduciary duty and contract case notwithstanding presence of issues of violations of

6. In view of the post-<u>Grable</u> guidelines for determination of federal jurisdiction, the undisputed rule that the removal statute should be narrowly construed against removal (<u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 107-109 (1941)) and the concern that parties are exposed to the possibility of winning a final judgment in federal court only to have it determined that the court lacked jurisdiction and erred in not originally remanding the case (as was the case in <u>Eastman v. Marine Mechanical Corp.</u>, 438 F.3d 544 (6th Cir. 2006)), plaintiff respectfully requests the Court grant his motion to remand.

7. To the extent that defendants may attempt to rectify any perceived deficiencies in their removal petition by providing affidavits or differing arguments in a response with which this Court might feel disposed to concur, plaintiff prays for the opportunity to conduct limited discovery concerning this issue as to any affiant or further documentation that may be invoked by defendants in support of the grounds they presents for removal, including the opportunity to file a reply.

WHEREFORE, plaintiff respectfully prays that this Court remand this cause to the Circuit Court of Cook County Illinois from whence it came or for any other relief deemed just and equitable by this Honorable Court.

Respectfully Submitted,

s/Donald J. Nolan
One of the Attorneys for Plaintiff

---

federal regulations issues by the Small Business Administration pursuant to the Federal Small Business Investment Act. See also <u>Sarantino v. American Airlines</u>, 2005 WL 2406024 (E.D.Mo.) and <u>Glorvigen v. Cirrus Design Corp.</u>, 2006 WL 399417 (D.Minn.) noting the focus of federal regulations on pilots and aircraft is to prevent future accidents "not to provide a remedial mechanism for individuals injured by a violation of aviation standards." (at *4)

Donald J. Nolan, Esq.
William J. Jovan, Esq.
NOLAN LAW GROUP
20 North Clark, 30th Floor
Chicago, Illinois 60602
(312) 630-4000