**U.S. DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARK ANDREW SCOTT, as Special Administrator of the Estate of MELISSA MARIE SCOTT, deceased,   )<br>  )<br>  )<br>  )<br>Plaintiff,  )<br>  )<br>-vs-  )<br>  )<br>BAXTER INTERNATIONAL, INC., a corporation, )<br>and BAXTER HEALTHCARE CORPORATION, )<br>a corporation,  )<br>  )<br>Defendants.  ) | Case No. 08-CV-2058<br><br>Judge Gettleman<br><br>Magistrate Judge Keys |

## PLAINTIFF'S REPLY TO THE BAXTER DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND

### Prefatory Note

No amount of rhetoric and string-citation of irrelevant case law can change firmly ingrained law that the Food, Drug and Cosmetic Act (FDCA) does not contain private civil enforcement provisions encompassing user's claims and thus does not completely preempt state law actions; and that the need for uniform interpretation of the far-reaching federal scheme for regulation of drug manufacture and distribution does not constitute a substantial federal interest providing removal jurisdiction. Distilled to its essentials, defendants' response arguments amount to nothing more than a statement of their threatened defense to plaintiff's causes of action for which the law is clear: no basis for federal jurisdiction arises thereunder or therefrom.

While cases go "both ways" as to whether the federal jurisdictional question should be deferred by the court in which the particular case is filed to an MDL panel should one be designated, preservation of federal jurisdictional purity dictates that

question should be decided at the first instance by this Court especially where the issue is ripe as it is at bar. Such action would meet the rationale of the Seventh Circuit expressed in Illinois Mun. Ret. Fund v. Citigroup, Inc., 391 F.3d 844 (7 Cir. 2004).

The important distinction that this case presents is that, unlike other cases filed directly in this Court, including those referred to by defendants, there is no diversity of citizenship and thus its removal to this Court is solely because of the removal defendants' invoking federal jurisdiction under 28 U.S.C. §1331. Thus, other cases where an additional diverse defendant, Standard Protein Labs, is a named defendant are irrelevant to the Court's task.

**a. Federal Case Law Has Consistently Closed The Courthouse Door To Defendants Basing Federal Jurisdiction On Their Alleged Proposed Defense To The Case Filed Against Them.**

It can't be seriously concluded by any court that defendants' contention that they complied with all federal statutes and regulations is not in reality a defense to plaintiff's state law claims. As such, it is well-settled that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated by a plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case. This is the clear and unmistakable holding of Franchise Tax Board of the State of California v. Construction Laborers, 461 U.S. 1, 14 (1983), quoting Justice Holmes' opinion in American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916).

2

Moreover, defendants ignore plaintiff's case law unmistakably holding that the FDCA and regulations promulgated thereunder do not provide a basis for federal jurisdiction because the Act provides no private civil enforcement provisions or federal remedies for violation of the Act upon which federal-question jurisdiction can be premised. This has always been the holding of our Supreme Court in Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 814 (1986), the vitality of which has been emphasized by the Court recently in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), warning courts that there is only a "slim category" of cases that meet federal question jurisdiction guidelines.

Even before Grable, cases consistently held that the FDCA and its far-reaching federal scheme for regulation of drug manufacturing and distribution did not meet the requirements for federal jurisdiction. McCallister v. Purdue Pharma, L.P. 164 F.Supp.2d 783 (S.D.W.Va. 2001); Moncure v. Olympus American, Inc., 290 F.Supp.2d 726 (S.D.Miss. 2003); Gaul v. Neurocare Diagnostic, Inc., 2003 WL 230800 (E.D.Pa. 2003) and Jamison v. Purdue Pharma Co., 251 F.Supp.2d 1315 (S.D.Miss. 2003), all finding no federal question jurisdiction despite the defendant's argument that the plaintiff's claims required an interpretation and application of federal law and FDA regulations. These cases all found Merrell Dow as the basis for their holdings.

The progress of the pertinent law as it stands today is on unmistakably firmer ground and clearly dictates that this case should be remanded forthwith. It is a no-brainer which does not raise a concern that a lack of uniformity in court decisions might arise.

**b. Judicial Efficiency Is Best Promoted By Prompt Resolution Of the Jurisdictional Issue Raised By Plaintiff's Motion To Remand.**

In <u>Utah v. Eli Lilly & Co.</u>, 509 F.Supp.2d 1016 (D.Utah 2007), the Court noted "the jurisdictional issue raised by Plaintiff takes priority, ***." 509 F.Supp. at 1019. It further took note of Judicial Panel on Multidistrict Litigation Rule 1.5 which allows for the resolution of jurisdictional issues such as a remand motion pending in the district court "even where motions for the action are already pending before the MDL Panel." Finally, the Court cited the growing number of district courts consistently finding no subject matter jurisdiction concerning preemption based on the FDCA and its regulations. 509 F.Supp.2d at 1020.

Too, in <u>Pennsylvania v. Tap Pharmaceutical Products, Inc.</u>, 415 F.Supp.2d 516 (E.D.Pa. 2005), the Court succinctly noted that the initial district court's determination of the threshold issue of jurisdiction is an inquiry "fundamental to its purpose." 415 F.Supp.2d at 521.

The Court followed the Seventh Circuit's directive stated in <u>Illinois Mun. Ret. Fund v. Citigroup, Inc.</u>, 391 F.3d 844, 851 (7th Cir. 2004), holding that even where a final transfer order is pending, nevertheless, "Congress has indicated a preference for remands based on such individual jurisdictional evaluations and a tolerance for inconsistency." (<u>Id.</u>) It emphasized the Rule 1.5 of the Judicial Panel on Multidistrict Litigation stating that pendency of a conditional transfer order before the panel "does not affect or suspend

4

orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Accordingly, noting that as either the district court in which the action was initially filed or the eventual multidistrict litigation judge still must make an independent review of a notice of removal based on whether a federal question is present, concerns of efficiency and uniformity in the MDL proceeding is not governing because of the Seventh Circuit's recognition of the requirement that one federal court must make "an individualized assessment of the jurisdictional issues in the case." (Id.) The Seventh Circuit admonished that a district court's ruling on its own jurisdiction "after all, is a fundamental obligation of all courts of limited jurisdiction" citing Hay v. Ind. State Bd. Of Tax Comm'rs, 312 F.3d 876, 878 (7 Cir. 2002).

It is submitted that under the status that now exists for this case with a pending motion for remand that is fully briefed versus MDL proceedings only in a preliminary state, this Court would be in accord with the Seventh Circuit's mandate in proceeding to decide the remand issue forthwith.

## **CONCLUSION**

It is clear the Seventh Circuit practice encourages the initial court's consideration of a motion to remand pending before it and plaintiff prays this Court will do so in this case and upon such consideration grant plaintiff's motion.

                                                            Respectfully Submitted,

                                                            _s/William J. Jovan_
                                                            One of the Attorneys for Plaintiff

Donald J. Nolan, Esq.
William J. Jovan, Esq.
Paul R. Borth, Esq.
NOLAN LAW GROUP
20 North Clark, 30th Floor
Chicago, Illinois 60602
(312) 630-4000