UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK ANDREW SCOTT, as Special Administrator of the Estate of MELISSA MARIE SCOTT, deceased,<br><br>       Plaintiff,<br><br>-vs-<br><br>BAXTER INTERNATIONAL, INC., a corporation, and BAXTER HEALTHCARE CORPORATION, a corporation,<br><br>       Defendants. | Case No. 08-CV-2058<br><br>Judge Gettleman |

### AGREED MOTION FOR ORDER OF REMAND

The parties, Plaintiff, MARK ANDREW SCOTT, as Special Administrator of the Estate of MELISSA MARIE SCOTT, deceased, and Defendants, BAXTER INTERNATIONAL, INC., a corporation and BAXTER HEALTHCARE CORPORATION, a corporation, respectfully move this Court for entry of an order remanding this case to the Circuit Court of Cook County and in support state as follows:

1) This action was originally filed in the Circuit Court of Cook County, Illinois on April 2, 2008 under Cook County case number 08 L 3592 and assigned to Judge Flanagan.

2) On April 10, 2008, the Defendants filed their notice of removal.

3) Plaintiff subsequently filed her motion to remand and an objection to the conditional transfer order entered by the United States Judicial Panel on Multidistrict Litigation under case number MDL no. 1953.

4) Since that time the parties have been negotiating the terms of an agreement to remand this case back to the Circuit Court of Cook County.

5) On August 7, 2008, the parties executed a stipulation for the remand of this case back to the Circuit Court of Cook County. (A copy of said stipulation is attached hereto as Exhibit A).

6) Defendant's agreement to remand is expressly subject to their good faith belief that the removal to Federal Court was proper.

7) The parties now request an order from this Court remanding this case back to the Circuit Court of Cook County, Illinois in accordance with the terms of the agreed stipulation.

8) Pursuant to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation Rule 1.5, the pendency of a conditional transfer order before the MDL Panle does not suspend and does not in any way limit the pretrial jurisdiction of the disctrict court in which the action is pending. Accordingly, this Court has jurisdiction to enter an order of remand as requested by the parties.

WHEREFORE, the parties, Plaintiff, MARK ANDREW SCOTT, as Special Administrator of the Estate of MELISSA MARIE SCOTT, deceased, and Defendants, BAXTER INTERNATIONAL, INC., a corporation and BAXTER HEALTHCARE CORPORATION, a corporation, respectfully request that this Court enter an order remanding this case to the Circuit Court of Cook County in accordance with the stipulation or the parties as attached as Exhibit A to this motion.

This 26th day of August, 2008.

Respectfully submitted,

| For Defendants, | For Plaintiff, |
|---|---|
| /s/ Leslie Smith | /s/ Paul R. Borth |
| Leslie Smith, P.C. | Paul R. Borth |
| Kirkland & Ellis LLP | Nolan Law Group |
| 200 East Randolph Drive | 20 N. Clark Street |
| Chicago, IL 60601 | 30th Floor |
| (312) 861-2000 | Chicago, IL 60602 |
|  | (312) 630-4000 |

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 26, 2008, I electronically filed the Agreed Motion for Order of Remand with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record

                **By: s/ Paul R. Borth**
                Paul R. Borth,
                State Bar No.: 6226633
                Nolan Law Group
                20 N. Clark Street, 30th Floor
                Chicago, Illinois 60602
                Telephone: (312) 630-4000
                Facsimile: (312) 630-4011
                prb@nolan-law.com

                **ONE OF PLAINTIFF'S ATTORNEYS**

# EXHIBIT A

Case 1:08-cv-02058   Document 22-2   Filed 08/26/2008   Page 1 of 4

## STIPULATION CONCERNING COOK COUNTY
## HEPARIN PRODUCTS LIABILITY LITIGATION

The Stipulation is entered into this 7TH day of August, 2008 between Baxter Healthcare Corporation and Baxter International Inc. ("Defendants") and the Nolan Law Group ("NLG"), individually and as attorneys of record for Mark Andrew Scott (Administrator of the Estate of Melissa Marie Scott) and Angela Lawson Greear (as Special Administrator of the Estate of Thomas Troy Lawson, Deceased) ("Plaintiffs") (collectively "the Parties"). The Parties hereby stipulate and agree as follows:

A.   Remand Agreement

1. Subject to the conditions enumerated below, the Parties stipulate to remand the following cases back to the Circuit Court of Cook County:

- *Scott v. Baxter International Inc.*, Illinois State Court Case No. 2008-L-3592; N.D. Illinois Case No. 1:08-cv-2058 (the "*Scott* case").

- *Greear v. Baxter International Inc.*, Illinois State Court Case No. 2008-L-4818; N.D. Illinois Case No. 1:08-cv-4128 (the "*Greear* case").

2. Defendants' agreement to remand is expressly subject to their good faith belief that the removal to federal court was proper and is made without prejudice to their right to remove any another case filed by any other law firm that is not subject to this Stipulation.

3. All parties will bear their own costs on the removal and remand issues.

4. Defendants will not remove future Heparin Products Liability Actions filed by the NLG in Cook County Circuit Court subject to the future NLG clients'/plaintiffs' execution of a stipulation substantively the same in all material respects to the instant Stipulation. "Heparin Products Liability Actions" are products liability actions relating to the sale and manufacture by Baxter Healthcare Corporation of allegedly adulterated Heparin, which was recalled in February 2008.

B.   Transfer and Consolidation For Pre-trial Discovery

5. The Parties agree to transfer and consolidate these cases with other Heparin Products Liability Actions filed and pending in Circuit Court of Cook County ("Cook County Heparin Cases") for pre-trial purposes, with consolidation for trial to be considered later. This agreement is limited to pre-trial consolidation, and is not meant to provide an indication or admission by any Party regarding its position on any proposed *trial* consolidations. The Parties expressly reserve the right to object to any proposed trial consolidations.

6. The Defendants shall not move to transfer the *Scott, Greear* or any other NLG cases to a county other than Cook County, Illinois on the basis of *forum non conveniens*

7. Upon remand, the parties will petition Judge William D. Maddux, presiding judge of the Law Division of the Circuit Court of Cook County, to assign the *Scott* and *Greear* cases

and other Cook County Heparin Cases to specific judges to be agreed to by the Parties, in accordance with 753 ILCS 5/2-1006.

C.   Non-Duplicative Discovery/ Coordination With Federal MDL

8.   The Parties will seek to facilitate the coordination of the federal MDL and Cook County Heparin case schedules so as to avoid unnecessary conflicts and expense, conserve judicial resources and expedite disposition of all cases.

9.   No Party shall seek discovery that is repetitive or duplicative of discovery conducted in connection with federal MDL.

10.   In order to facilitate the coordination of the MDL discovery with the Cook County, Illinois discovery and to avoid duplication of discovery, Defendants' counsel shall include the NLG as the MDL's State Court Liaison in all discovery-related discussions and communications held with the federal MDL's Plaintiffs' Executive Committee and/or discovery committee.

11.   In addition to the coordinated federal MDL discovery, the Parties may thereafter seek non-duplicative discovery not sought in the federal MDL. Such discovery will not commence until after discovery in the federal MDL is underway. Any disputes concerning such discovery, will be made in accordance with Illinois Supreme Court Rules, the Illinois Code of Civil Procedure and Illinois cases construing same.

12.   All discovery (including document productions, answers to interrogatories, requests for admissions, and depositions) taken, produced, or developed in the course of *Heparin Products Liability Litigation*, No. 1:08-hc-60000-JGC, MDL No. 1953, (N.D. Ohio) (Carr, C.J.) ("federal MDL") proceedings shall be produced for use by the Parties to the Cook County Heparin Cases.

13.   Nothing in this stipulation shall be construed as consent by any Plaintiff or NLG (or other Plaintiff's Counsel) to an assessment of fees or costs to the MDL. Defendants take no position with respect to the assessment of fees or costs.

14.   The Parties shall cross-notice the depositions in the Cook County Heparin Cases and in the federal MDL.

15.   No individual may be deposed more than once absent agreement of the Parties or for good cause shown. The Party seeking to re-depose the individual shall bear the burden of demonstrating good cause.

16.   Depositions taken in connection with the federal MDL may be used, at the Parties' discretion, as "evidence" depositions, as defined under Illinois Supreme Court Rules 202 and 212(b). The use of or designation of a deposition as an "evidence" deposition will not prevent any party from sharing the contents of that deposition with its expert witnesses before or during trial.

17. The Parties agree to abide by rulings made by the federal MDL court with respect to privilege and work product issues.

18. To the extent possible, trial scheduling for the Cook County Heparin Cases will be made in coordination with the trial schedules set by the federal MDL court. The parties will work with the Cook County Court and the MDL to establish a mechanism to coordinate trial dates to avoid conflicting trial dates that would unduly burden the parties.

19. The Parties will abide by federal MDL Pretrial Order Number 4: Preservation of Evidence. The Parties agree to be bound by Protective or Confidentiality Orders entered by the federal MDL.

20. The Parties do not object to and will encourage communications between the Cook County judge and the federal MDL judge, Chief Judge Carr, to the extent the judges determine is appropriate and necessary to facilitate coordination of pretrial matters at the federal and state court levels.

STIPULATED AND AGREED:

BAXTER HEALTHCARE
CORPORATION AND
BAXTER INTERNATIONAL INC

NOLAN LAW GROUP, INDIVIDUALLY
AND ON BEHALF OF PLAINTIFFS MARK
ANDREW SCOTT AND ANGELA LAWSON
GREEAR

By: _____
Leslie M. Smith, P.C.
Renee D. Smith
Christine P. Payne
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

Date Signed: 8/7/08

By: _____
Donald. J. Nolan
William J. Jovan
Paul R. Borth
NOLAN LAW GROUP
20 North Clark, 30th Floor
Chicago, IL 60602
(312) 630-4000

Date Signed: 8-7-08

3